## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROGER WILLIAMSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PURDUE PHARMA, L.P., THE PURDUE PHARMA COMPANY, THE PURDUE FREDERICK COMPANY, PURDUE PHARMACEUTICALS L.P., and P.F. LABORATORIES, INC.,<br><br>Defendants. | Civil Action No. 04-CV-10154 (REK) |

### DEFENDANTS' ASSENTED-TO MOTION TO TRANSFER PROCEEDINGS TO THE SOUTHERN DISTRICT OF NEW YORK

Defendants Purdue Pharma L.P., The Purdue Pharma Company, The Purdue Frederick Company, Purdue Pharmaceuticals L.P., and P.F. Laboratories, Inc. (collectively "Purdue") hereby move pursuant to 28 U.S.C. § 1404(a) to transfer the above-captioned action to the United States District Court for the Southern District of New York. Plaintiff assents to this motion and to the transfer of this action.

The bases for this motion are addressed in more detail in the accompanying memorandum of law. Those bases may be summarized as follows:

1. This antitrust litigation follows on the heels of a separate but closely related patent action (the "Patent Action") in the United States District Court for the Southern District of New York ("S.D.N.Y.") that Purdue brought against Endo Pharmaceuticals ("Endo"), a generic drug manufacturer. Following an 11-day bench trial, the Hon. Sidney Stein of that

Court issued a lengthy memorandum opinion holding that Endo's products infringed various Purdue patents on OxyContin® Tablets (a prescription pain medication), but that the patents were unenforceable due to inequitable conduct by Purdue before the U.S. Patent and Trademark Office ("PTO"). *Purdue Pharma, L.P. v. Endo Pharm. Inc.*, 2004 WL 26523 (S.D.N.Y. January 5, 2004).

2.  In this lawsuit, plaintiff (on behalf of a purported nationwide class) now alleges that Purdue's patent infringement lawsuit against Endo was a "sham" and an act of monopolization in violation of the antitrust laws -- that the Patent Action was both objectively baseless and brought subjectively in bad faith. Because these antitrust claims turn on the objective and subjective bona fides of the prior Patent Action, their resolution will be based almost entirely on the voluminous record and complex issues of patent law and science that have already been the subject of an extensive bench trial and two years of litigation before Judge Stein.

3.  Transfer of this action to the S.D.N.Y. would overwhelmingly be in the interests of justice. First, where one federal judge has already mastered a huge record that bears centrally on the issues now presented in this antitrust case, transfer is warranted to avoid the inefficiency of requiring multiple courts to become immersed in identical matters.

4.  Second, this action raises legal and factual allegations that are virtually identical to 26 other antitrust lawsuits filed around the country challenging Purdue's patent lawsuit as a "sham." Seventeen of those 26 cases have already been filed in the S.D.N.Y. It makes no sense for a single case to proceed in this Court when a mass of cases raising the same antitrust claims will be litigated in the S.D.N.Y. No court other than the S.D.N.Y. is a

more sensible forum for the litigation of these multiple antitrust lawsuits challenging the same conduct and raising nearly identical legal theories.

5.    Transfer would also be in the interests of justice because this case raises identical issues as some of the counterclaims raised in the Patent Action. In its answer to Purdue's patent infringement claims, Endo asserted antitrust counterclaims that allege, among other things, essentially the same "sham litigation" and monopolization theories asserted here. Fact discovery on those antitrust counterclaims is complete and expert reports have been exchanged. The pendency of this earlier case, already in litigation for roughly two years, is yet a further reason to transfer this matter to Judge Stein rather than permit multiple antitrust litigations in different courts over virtually the same conduct and antitrust theories.

6.    Finally, because of the compelling interests of justice and judicial efficiency that would be served by a transfer to the S.D.N.Y., plaintiff's choice of forum here is not entitled to deference. This is underscored by the fact that the plaintiff here is a member of other putative nationwide classes that have been alleged in almost identical cases brought in the S.D.N.Y., and in class actions less weight is given to the plaintiff's choice of forum.

The grounds for this Transfer Motion are further set forth in the accompanying supporting Memorandum of Law.

Respectfully submitted,

Purdue Pharma L.P., The Purdue
Pharma Company, The Purdue Frederick
Company, Purdue Pharmaceuticals L.P.,
and P.F. Laboratories, Inc.

*/s/ John T. Gutkoski*

John T. Gutkoski (BBO #567182)
Day, Berry & Howard LLP
260 Franklin Street
Boston, MA  02110
Tel. No.: (617) 345-4600
Fax No.: (617) 345-4745

OF COUNSEL:

Timothy C. Hester
Christopher N. Sipes
COVINGTON & BURLING
1201 Pennsylvania Ave. NW
Washington, DC 20004-2401
Tel. No.: (202) 662-6000
Fax No.: (202) 778-5324

February 23, 2004

## CERTIFICATE OF RULE 7.1(2) CONFERENCE

I, John T. Gutkoski, hereby certify the parties have conferred and plaintiff consents to the relief sought in this motion.

*/s/ John T. Gutkoski*

## CERTIFICATE OF SERVICE

I, John T. Gutkoski, hereby certify that I have on this 23rd day of February, 2004 served a copy of the within Defendants' Assented-To Motion to Transfer Proceedings to the Southern District of New York on the Plaintiffs by causing a copy thereof to be delivered, in hand, to David Pastor, Esq. and Daniel D'Angelo, Esq. at Gilman and Pastor, LLP, Stonehill Corporate Center, 999 Broadway, Suite 500, Saugus, Massachusetts 01906.

*/s/ John T. Gutkoski*

51263121_1.DOC 073969-00130