IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
------------------------------------------------------------  x
ROGER WILLIAMSON, on behalf of himself
and all others similarly situated,

                              Plaintiff,         Civil Action No.: 04-CV-10154 (REK)

             v.                             :    ANSWER

PURDUE PHARMA L.P., PURDUE PHARMA :              DEMAND FOR JURY TRIAL
COMPANY, THE PURDUE FREDERICK
COMPANY, PURDUE PHARMACEUTICALS
L.P. and THE P.F. LABORATORIES, INC.,

                              Defendants.
------------------------------------------------------------  x
```

Defendants Purdue Pharma L.P., The Purdue Pharma Company, The Purdue Frederick Company, Purdue Pharmaceuticals, L.P. and The P.F. Laboratories, Inc. (hereinafter, "Defendants") answer to Plaintiffs Class Action Complaint With Jury Demand (hereinafter, "Complaint"), state as follows:

## AS TO ALLEGED NATURE OF THE ACTION

1. Paragraph 1 contains Plaintiffs characterization of his claims to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained therein.

2. Defendants admit that OxyContin® Tablets ("OxyContin") are a controlled-release opioid analgesic prescription medication whose active opioid ingredient is oxycodone hydrochloride and that OxyContin is intended for use in accordance with the indication set forth in the Food and Drug Administration of the United States Department of Health and Human Services ("FDA")-approved professional prescribing information ("package insert"), which

speaks for itself as to its content. Defendants further admit, upon information and belief, that no brand name controlled-release prescription medication with oxycodone hydrochloride as its active opioid ingredient, other than OxyContin, has been marketed in the United States. The remaining allegations contained in Paragraph 2 are denied on the ground that they are inherently vague and ambiguous.

      3.      Defendants deny each and every allegation contained in Paragraph 3, except admit that certain of the defendants are engaged in the business of marketing or manufacturing OxyContin.

      4.      Defendants deny each and every allegation contained in Paragraph 4.

      5.      Paragraph 5 contains Plaintiffs characterization of his claims to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained therein, except admit that Plaintiff purports to bring this action as a class action, but deny that Plaintiffs claims are the proper subject of class certification.

      6.      Paragraph 6 contains Plaintiffs characterization of his claims to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained therein.

      7.      Paragraph 7 contains Plaintiffs characterization of his claims to which no answer is required.

      8.      Paragraph 8 contains Plaintiffs characterization of his claims to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained therein, and specifically deny that Plaintiff (and the putative class members) is entitled to any relief whatsoever.

## AS TO JURISDICTION AND VENUE

9.  Paragraph 9 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained therein.

10. Paragraph 10 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained therein, except admit that certain of the defendants are engaged in the business of marketing, distributing or selling certain pharmaceutical products throughout the United States, including in the geographic area within the Southern District of New York.

## AS TO PARTIES

11. Defendants deny each and every allegation contained in Paragraph 11, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Plaintiff is a citizen of Massachusetts and that Plaintiff purchased and paid for OxyContin.

12. Defendants deny each and every allegation contained in Paragraph 12, except admit that Purdue Pharma L.P. has its principal place of business located at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut, that Purdue Pharma L.P. is engaged in the business of research, development, manufacture or sale of certain pharmaceutical products throughout the United States, and that Purdue Pharma L.P., along with certain of the other defendants, owns patents covering OxyContin.

13. Defendants deny each and every allegation contained in Paragraph 13, except admit that The Purdue Pharma Company is a Delaware general partnership with its principal place of business located at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut, that Purdue Pharma L.P. and The Purdue Frederick Company are the general

partners of The Purdue Pharma Company, and that The Purdue Pharma Company, through Purdue Pharma L.P. and The Purdue Frederick Company, is engaged in the business of research, development, manufacture or sale of certain pharmaceutical products throughout the United States.

14. Defendants deny each and every allegation contained in Paragraph 14, except admit that The Purdue Frederick Company is a New York corporation with its principal place of business located at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut, and that The Purdue Frederick Company is engaged in the business of research, development, manufacture or sale of certain pharmaceutical products throughout the United States.

15. Defendants deny each and every allegation contained in Paragraph 15, except admit that Purdue Pharmaceuticals L.P. has its principal place of business located at 4701 Purdue Drive, Wilson, North Carolina, and that Purdue Pharmaceuticals L.P. is engaged in the business of manufacturing certain pharmaceutical products in North Carolina which are sold throughout the United States.

16. Defendants deny each and every allegation contained in paragraph 16, except admit that The P.F. Laboratories, Inc. is a New Jersey corporation with its principal place of business located at 700 Union Boulevard, Totowa, New Jersey, and that The P.F. Laboratories, Inc. is engaged in the business of manufacturing certain pharmaceutical products in New Jersey which are sold throughout the United States.

17. The first sentence of Paragraph 17 does not contain an averment of fact requiring a response. Defendants deny each and every remaining allegation contained in Paragraph 17, except admit that certain of the defendants manufacture OxyContin, or market OxyContin throughout the Untied States.

18.     Defendants deny each and every allegation contained in Paragraph 18.

## AS TO ALLEGATIONS OF TRADE AND COMMERCE

19.     Defendants deny each and every allegation contained in Paragraph 19 on the ground that they are inherently vague and ambiguous, except admit that certain of the Defendants have manufactured or sold OxyContin, or have shipped OxyContin into various states, including states other than the states where OxyContin is manufactured.

20.     Defendants admit that certain of the Defendants transmitted funds and contracts and engaged in various forms of business communications and transactions in various states in connection with OxyContin. The remaining allegations contained in Paragraph 20 are denied on the ground that they are inherently vague and ambiguous.

21.     Defendants deny each and every allegation contained in the first sentence of Paragraph 21 on the ground that they are inherently vague and ambiguous. The second sentence of Paragraph 21 is a legal conclusion to which no answer is required. The remaining allegations contained in Paragraph 21 are otherwise denied.

## AS TO ALLEGED RELEVANT MARKET

22.     Defendants deny each and every allegation contained in Paragraph 22.

23.     Defendants admit that OxyContin is a controlled-release opioid analgesic prescription medication and that the active opioid ingredient in OxyContin is oxycodone hydrochloride.  Defendants further admit that OxyContin is currently available in 10 mg, 20 mg, 40 mg, and 80 mg dosage strengths and has been approved by the FDA for the indication set forth in the package insert for OxyContin, which speaks for itself as to its content. Defendants deny the remaining allegations contained in Paragraph 23, in part on the ground that they are inherently vague and ambiguous.

## AS TO FACTUAL ALLEGATIONS

24. Defendants deny each and every allegation contained in Paragraph 24 on the ground that they are inherently vague and ambiguous and that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

25. Paragraph 25 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendants refer to the text of the Federal Food, Drug and Cosmetic Act (the "FDCA") and related federal regulations and case law. The remaining allegations contained in Paragraph 25 are otherwise denied.

26. Paragraph 26 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendants refer to the text of the FDCA and related federal regulations and case law. The remaining allegations contained in Paragraph 26 are otherwise denied.

27. Paragraph 27 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendants refer to the text of the FDCA and related federal regulations and case law. The remaining allegations contained in Paragraph 27 are otherwise denied.

28. Defendants deny each and every allegation contained in Paragraph 28 on the ground that they are inherently vague and ambiguous.

29. Defendants admit that the FDA must approve a generic drug before it can be marketed and that the legal requirements for approval of a generic drug include the requirement that a generic drug product have the same active ingredient as the referenced pioneer drug product and be bioequivalent to that drug product. Defendants otherwise deny the allegations contained in Paragraph 29 on the ground that they are inherently vague and ambiguous.

30. Defendants admit that generic drugs are sometimes approved by the FDA and that some generic drugs may be AB-rated. Defendants otherwise deny the allegations contained in Paragraph 30 on the ground that they are inherently vague and ambiguous.

31. Defendants deny each and every allegation contained in Paragraph 31.

32. Defendants deny each and every allegation contained in Paragraph 32 on the ground that they are inherently vague and ambiguous.

33. Defendants deny each and every allegation contained in Paragraph 33 on the ground that they are inherently vague and ambiguous.

34. Defendants deny each and every allegation contained in Paragraph 34 on the ground that they are inherently vague and ambiguous, except state that to the extent that Paragraph 34 refers to any actually existing statements made by the Federal Trade Commission ("FTC"), those statements speak for themselves and thus no answer regarding their content is required.

35. Defendants deny each and every allegation contained in Paragraph 35 on the ground that they are inherently vague and ambiguous.

36. Defendants deny each and every allegation contained in Paragraph 36 on the ground that they are inherently vague and ambiguous.

37. Paragraph 37 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendants refer to the text of the FDCA, the Drug Price Competition and Patent Term Restoration Act of 1984 (the "Hatch-Waxman Act"), and related federal regulations and case law. The remaining allegations contained in Paragraph 37 are otherwise denied.

38. Paragraph 38 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendants refer to the text of the FDCA, the Hatch-Waxman Act, and

related federal regulations and case law. The remaining allegations contained in Paragraph 38 are otherwise denied.

      39.      Paragraph 39 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendants refer to the text of the FDCA, the Hatch-Waxman Act, and related federal regulations and case law. The remaining allegations contained in Paragraph 39 are otherwise denied.

      40.      Paragraph 40 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendants refer to the text of the FDCA, the Hatch-Waxman Act, and related federal regulations and case law. The remaining allegations contained in Paragraph 40 are otherwise denied.

      41.      Paragraph 41 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendants refer to the text of the FDCA, the Hatch-Waxman Act, and related federal regulations and case law. The remaining allegations contained in Paragraph 41 are otherwise denied.

      42.      Paragraph 42 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendants refer to the text of the FDCA, the Hatch-Waxman Act, and related federal regulations and case law. The remaining allegations contained in Paragraph 42 are otherwise denied.

      43.      Paragraph 43 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendants refer to the text of the FDCA, the Hatch-Waxman Act, and related federal regulations and case law. The remaining allegations contained in Paragraph 43 are otherwise denied.

44. Paragraph 44 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendants refer to the text of the FDCA, the Hatch-Waxman Act, and related federal regulations and case law. The remaining allegations contained in Paragraph 44 are otherwise denied.

45. Paragraph 45 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendants refer to the text of the FDCA, the Hatch-Waxman Act, and related federal regulations and case law. The remaining allegations contained in Paragraph 45 are otherwise denied.

46. Paragraph 46 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendants refer to the text of the FDCA, the Hatch-Waxman Act, and related federal regulations and case law. The remaining allegations contained in Paragraph 46 are otherwise denied.

47. Paragraph 47 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendants refer to the text of the FDCA, the Hatch-Waxman Act, and related federal regulations and case law. The remaining allegations contained in Paragraph 47 are otherwise denied.

48. Defendants admit that one or multiple Defendants own Patent No. 5,266,331 (the '331 Patent"), Patent No. 5,549,912 (the '912 Patent"), Patent No. 5,508,042 (the '042 Patent") and Patent No. 5,656,295 (the '295 Patent") (hereinafter, collectively referred to as the "Patents"). Defendants specifically aver that the Patents cover a controlled release analgesic prescription medication whose active opioid ingredient is oxycodone hydrochloride. Defendants further admit that pursuant to the FDA's approval of NDA No. 20-533, they have marketed OxyContin, a controlled-release oral formulation of oxycodone hydrochloride, in the United

States and elsewhere since OxyContin received FDA approval in December 1995. The remaining allegations contained in Paragraph 48 are otherwise denied.

49.    Upon information and belief, Defendants admit that Endo Pharmaceuticals Holdings Inc. and Endo Pharmaceuticals Inc. ("Endo") are engaged in the pharmaceutical business and filed an Abbreviated New Drug Application ("ANDA ") in July 2000, seeking FDA approval for a generic drug based on the extended release of oxycodone hydrochloride in the strength of 40 mg. Upon information and belief, Defendants further admit that Endo amended its ANDA to include 10 mg, 20 mg, and 80 mg strengths of extended-release oxycodone hydrochloride. The remaining allegations contained in Paragraph 49 are otherwise denied.

50.    Defendants admit that Endo gave written notice to Defendants after the filing of Endo's initial ANDA and the subsequent amendments thereto, and state that such notices speak for themselves as to their content. The remaining allegations contained in Paragraph 50 are otherwise denied, in part on the ground that they are legal conclusions to which no answer is required.

51.    Defendants admit that, within 45 days of receipt of the notice of certification, a suit was commenced against Endo for infringement of the `912, `042 and `295 Patents (the "Infringement Action") in the United States District Court for the Southern District of New York, and refer to the record in the Infringement Action for the allegations of the plaintiffs therein.  The remaining allegations contained in Paragraph 51 are denied, in part on the ground that they are legal conclusions to which no answer is required.

52.    Defendants admit that, in response to the Infringement Action, Endo asserted by way of defenses and counterclaims that the Patents were invalid or otherwise unenforceable and Endo brought a counterclaim based on federal antitrust laws, which counterclaim speaks for

itself as to the allegations therein. The remaining allegations contained in Paragraph 52 are otherwise denied.

53. Defendants state that the patent applications and prosecution histories with respect to the Patents speak for themselves. Defendants otherwise deny each and every allegation contained in Paragraph 53.

54. Defendants deny each and every allegation contained in Paragraph 54.

55. Defendants deny each and every allegation contained in Paragraph 55.

56. Defendants deny each and every allegation contained in Paragraph 56.

57. Defendants admit, upon information and belief, that on July 31, 2002, the FDA granted tentative approval to Endo's proposed 10 mg, 20 mg, 40 mg and 80 mg products. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 57.

58. Defendants admit that a non jury trial commenced in the Infringement Action on June 3, 2002. Defendants state that the opinion referred to in Paragraph 58 speaks for itself and thus no answer as to it is required; to the extent an answer is required, Defendants refer to Opinion and Order, *Purdue Pharma L.P. et al. v. Endo Pharmaceuticals Inc., et al.,* Civ. No. 00-8029, 01-2019, and 01-8177 (S.D.N.Y. January 5, 2004) for its content. Defendants otherwise deny each and every remaining allegation contained in Paragraph 58.

59. Defendants refer to the full text of Dr. Kaiko's testimony in the Infringement Action and to the documents referred to in Paragraph 59 for the content thereof. Defendants otherwise deny each and every remaining allegation contained in Paragraph 59.

60. Paragraph 60 is a legal conclusion to which no answer is required. To the extent that an answer is required, Defendants state that the opinion referred to in Paragraph 60 speaks

for itself and thus no answer as to it is required; to the extent an answer is required, Defendants refer to said opinion for its content. Defendants otherwise deny each and every remaining allegation contained in Paragraph 60.

61. Paragraph 61 is a legal conclusion to which no answer is required. To the extent that an answer is required, Defendants state that the opinion referred to in Paragraph 61 speaks for itself and thus no answer as to it is required; to the extent an answer is required, Defendants refer to said opinion for its content. Defendants otherwise deny each and every remaining allegation contained in Paragraph 61.

62. Defendants deny each and every allegation contained in Paragraph 62.

63. Defendants deny each and every allegation contained in Paragraph 63.

64. Defendants deny each and every allegation contained in Paragraph 64.

65. Defendants deny each and every allegation contained in Paragraph 65.

66. Defendants deny each and every allegation contained in Paragraph 66.

67. Defendants deny each and every allegation contained in Paragraph 67.

68. Defendants deny each and every allegation contained in Paragraph 68.

69. Defendants deny each and every allegation contained in Paragraph 69.

## AS TO CLASS ACTION ALLEGATIONS

70. Defendants deny each and every allegation contained in Paragraph 70, except admit that Plaintiff purports to bring this action as a class action and to define a putative class, but deny that Plaintiffs claims are the proper subject of class certification.

71. Defendants deny each and every allegation contained in Paragraph 71, except admit that Plaintiff purports to bring this action as a class action, but deny that Plaintiffs claims are the proper subject of class certification.

72.     Defendants deny each and every allegation contained in Paragraph 72, except admit that Plaintiff purports to bring this action as a class action, but deny that Plaintiffs claims are the proper subject of class certification.

73.     Defendants deny each and every allegation contained in Paragraph 73, except admit that Plaintiff purports to bring this action as a class action, but deny that Plaintiffs claims are the proper subject of class certification.

74.     Defendants deny each and every allegation contained in Paragraph 74, except admit that Plaintiff purports to bring this action as a class action, but deny that Plaintiffs claims are the proper subject of class certification.

75.     Defendants deny each and every allegation contained in Paragraph 75, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the experience of Plaintiffs counsel. Further, Defendants admit that Plaintiff purports to bring this action as a class action, but deny that Plaintiffs claims are the proper subject of class certification.

76.     Defendants deny each and every allegation contained in Paragraph 76, except admit that Plaintiff purports to bring this action as a class action, but deny that Plaintiffs claims are the proper subject of class certification.

77.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77, except deny that Plaintiffs claims are the proper subject of class certification.

## AS TO COUNT I

78.     Defendants repeat and reallege their responses to each of the allegations of the Complaint, as if fully set forth herein.

79. Paragraph 79 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendants refer to the text of the statute referred to in Paragraph 79 and otherwise deny each and every remaining allegation contained in Paragraph 79.

80. Defendants deny each and every allegation contained in Paragraph 80.

81. Defendants deny each and every allegation contained in Paragraph 81.

82. Defendants deny each and every allegation contained in Paragraph 82.

83. Defendants deny each and every allegation contained in Paragraph 83.

84. Defendants deny each and every allegation contained in Paragraph 84, and specifically deny that Plaintiff (and the putative class members) is entitled to any relief whatsoever.

85. Defendants deny each and every allegation contained in Paragraph 85, and specifically deny that Plaintiff (and the putative class members) is entitled to any relief whatsoever.

## AS TO COUNT II

86. Defendants repeat and reallege their responses to Paragraphs 1 through 85 of the Complaint, as if fully set forth herein.

87. Defendants deny each and every allegation contained in Paragraph 87.

88. Defendants deny each and every allegation contained in Paragraph 88.

89. Defendants deny each and every allegation contained in Paragraph 89.

90. Defendants deny each and every allegation contained in Paragraph 90.

91. Defendants deny each and every allegation contained in Paragraph 91.

92. Defendants deny each and every allegation contained in Paragraph 92.

93. Defendants deny each and every allegation contained in Paragraph 93.

94. Defendants deny each and every allegation contained in Paragraph 94, and specifically deny that Plaintiff (and the putative class members) is entitled to any relief whatsoever.

95. Defendants deny each and every allegation contained in Paragraph 95, and specifically deny that Plaintiff (and the putative class members) is entitled to any relief whatsoever.

## AS TO PRAYER FOR RELIEF

96. In response to the Prayer for Relief on page 21 of the Complaint, Defendants deny that Plaintiff (and the putative class members) is entitled to any relief whatsoever.

Defendants deny each and every allegation of the Complaint not heretofore specifically admitted.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The doctrines of unclean hands, laches, waiver, and/or estoppel and the applicable statutes of limitations bar, in whole or in part, the claims of Plaintiff (and the putative class members).

### THIRD DEFENSE

Plaintiff's (and the putative class members') claims are barred, in whole or in part, because Plaintiff (and the putative class members) has not suffered antitrust injury to his business and property within the meaning of 15 U.S.C. § 15.

**FOURTH DEFENSE**

Plaintiff's (and the putative class members') claims are barred because he is not a direct purchaser of OxyContin.

**FIFTH DEFENSE**

Plaintiff (and the putative class members) lacks standing to bring his claims.

**SIXTH DEFENSE**

Defendants' conduct is protected by the *Noerr-Pennington* doctrine and/or otherwise under the Constitution of the United States of America.

**SEVENTH DEFENSE**

Defendants' conduct in submitting information on the subject patents to the FDA for listing in the Orange Book was compelled by law.

**EIGHTH DEFENSE**

Plaintiff's (and the putative class members') claims are preempted or precluded, in whole or in part, by the Federal Food, Drug and Cosmetic Act, the Drug Price Competition and Patent Term Restoration Act of 1984 (the "Hatch-Waxman Act"), and the federal patent code, 35 U.S.C. § 101 *et seq.* (the "Patent Act").

**NINTH DEFENSE**

Plaintiff's (and the putative class members') claims are precluded because they do not meet the requirements for imposing liability for obtaining and enforcing a United States patent under the *Walker Process* and *Noerr-Pennington* doctrines.

**TENTH DEFENSE**

Plaintiff's (and the putative class members') claims violate the due process provisions of the United States Constitution and the correlative provisions of the applicable state constitutions

to the extent that they seek to deprive Defendants of procedural and substantive safeguards, including traditional defenses to liability.

### ELEVENTH DEFENSE

Plaintiffs' (and the putative class members') causes of action and claims may not properly be maintained or certified as a class action.

### TWELFTH DEFENSE

The certification of this action as a class action would violate Defendants' right to a separate jury trial on the issue of liability as provided in the Seventh Amendment to the United States Constitution.

### THIRTEENTH DEFENSE

While denying that Plaintiff (and the putative class members) is entitled to any relief whatsoever, Plaintiff's (and the putative class members') claims for equitable relief are barred because Plaintiff (and the putative class members) has an adequate remedy at law.

### FOURTEENTH DEFENSE

To the extent that the laws of other jurisdictions apply, Defendants invoke each and every constitutional defense available to them under the constitutions (or similar charters) of each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States. This specifically includes, but is not limited to, provisions relating to due process, access to the courts, freedom of speech, freedom of association, freedom to petition the government for redress of grievances, and limitations on damages.

## FIFTEENTH DEFENSE

To the extent that the laws of other jurisdictions apply, Defendants invoke each and every statutory and common law defense available to them under the laws of each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States with respect to each of the claims alleged in the Complaint that is recognized in that jurisdiction.

Defendants reserve the right to assert, and hereby give notice that they intend to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserve the right to amend their answer to assert any such defense.

WHEREFORE, Defendants respectfully request that the Court dismiss the Complaint in its entirety with prejudice and award Defendants their costs and disbursements, including attorneys' fees, incurred in defending this action together with such other relief as the Court deems just and proper.

**JURY DEMAND**

Defendants demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.

Respectfully submitted,

By: /s/ John T. Gutkoski
John T. Gutkoski (BBO #567182)
Day, Berry & Howard LLP
260 Franklin Street
Boston, MA 02110
Telephone: (617) 345-4600
Fax: (617) 345-4745
E-mail: jtgutkoski@dbh.com

*Of Counsel:*

Timothy C. Hester
Christopher N. Sipes
Covington & Burling
1201 Pennsylvania Ave. NW
Washington, DC 20004-2401
(202) 662-6000

*Attorneys for Defendants*

DATED: March 26, 2004

CERTIFICATE OF SERVICE

I, John T. Gutkoski, hereby certify that I have on this 26th day of March, 2004 served a copy of the within Answer of Defendants Purdue Pharma L.P., The Purdue Pharma Company, the Purdue Frederick Company, Purdue Pharmaceuticals, L.P., and the PF. Laboratories, Inc. on the Plaintiffs by causing a copy thereof to be delivered, in hand, to David Pastor, Esq. and Daniel D'Angelo, Esq., Gilman and Pastor, LLP, Stonehill Corporate Center, 999 Broadway, Suite 500, Saugus, Massachusetts 01906.

/s/ John T. Gutkoski
John T. Gutkoski